UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CAMERON ELIM, SR. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:25-CV-00147-O |
| | § | |
| ALLSTATE VEHICLE AND | § | |
| PROPERTY INSURANCE COMPANY | § | |
| | § | |
| Defendant. | § | |

## OPINION & ORDER

Before the Court are Defendant's Motion for Summary Judgment and Brief in Support (ECF Nos. 17–18), filed October 3, 2025; Plaintiff's Response (ECF No. 23), filed October 23, 2025; and Defendant's Reply (ECF No. 24), filed November 4, 2025. Having considered the parties' briefing and applicable law, the Court **GRANTS** Defendant's Motion for Summary Judgment (ECF No. 17).

### I. BACKGROUND[1]

This case presents an insurance coverage dispute between the insured, Cameron Elim, ("Plaintiff") and his insurer, Allstate Vehicle and Property Insurance Company, ("Defendant"). On October 18, 2023, a fire broke out in Plaintiff's home, spreading throughout the kitchen and living room and sending smoke throughout the entire home (the "Loss Event"). That same day, Plaintiff submitted a claim to Defendant (the "Claim") for the damages caused by the fire. Defendant approved initial coverage for additional living expenses ("ALE") for Plaintiff to reside in temporary accommodations. Payments on the ALE claim totaled $13,732.36.

---

[1] The Court's recitation of facts is taken from the summary judgment briefing.

1

Defendant directly worked with and paid the mitigation contractor, Spotless Restoration, for the mitigation work, and informed Plaintiff that the mitigation portions of his claim would be handled through the contractor. Defendant issued payments totaling $32,062.39 for the mitigation work. Subsequently, Defendant issued payments for the rebuild totaling $22,101.66. Plaintiff's public adjuster disputed Defendant's estimates for repair costs, arguing that further work was required. Defendant stood by its estimates and did not pay for the additional repairs. Ultimately, Spotless Restoration completed work on Plaintiff's home in totality, despite Defendant's not agreeing to cover the additional work.

On June 18, 2024, Defendant received a pre-suit demand letter from Plaintiff alleging $60,000 in actual dwelling damages, $85,000 for contents, and $10,800 for attorney's fees to date. At the time of Plaintiff's pre-suit demand, Defendant had issued payments totaling $55,223.39 for the dwelling and $87,467.18 for contents plus $13,732.36 for additional living expenses—amounting to $156,422.93 in total payments issued to Plaintiff as a result of the Loss Event. This action followed.

Plaintiff filed suit alleging breach of contract and extra-contractual violations of the Texas Insurance Code. On April 8, 2025, Plaintiff served his Rule 26(a)(1) Initial Disclosures claiming "$155,800.00 in estimated actual damages (less the applicable deductible and/or prior payments, if any) sustained by Plaintiff as a result of the covered losses at issue in this case, which represents the combined reasonable and necessary cost of repairs to Plaintiff's property." Defendant moved for summary judgment. The parties have briefed the issues, and the Motion is ripe for review.

## II. LEGAL STANDARD

A movant is entitled to summary judgment if by the pleadings and evidence it can show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as

a matter of law." FED. R. CIV. P. 56(a). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must view the evidence in the light most favorable to the nonmovant. *Ion v. Chevron USA, Inc.*, 731 F.3d 379, 389 (5th Cir. 2013). "Moreover, a court must draw all reasonable inferences in favor of the nonmoving party and may not make credibility determinations or weigh the evidence." *Id.*

A party seeking summary judgment must inform a court of the basis for its motion and identify those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A party opposing summary judgment must then set forth specific facts showing that there is a genuine issue for trial. *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 270 (1968).

### III. ANALYSIS

#### A. Breach of Contract and Prompt Payment

Defendant moves for summary judgment on Plaintiff's breach of contract and violations of the Texas Insurance Code claims, arguing that Plaintiff has not provided sufficient evidence of actual damages to support a breach of contract claim[2]. Defendant primarily relies on evidence showing the amount it has already paid is more than Plaintiff's own damage calculation in his notice letter and Rule 26(a)(1) disclosures. Plaintiff's primary argument in response is that he is not bound by his Rule 26 disclosures and that Defendant is obligated to pay for the non-approved repairs completed by Spotless Restoration.[3]

To establish a breach of contract, Plaintiff must prove (1) the existence of a valid contract, (2) Plaintiff's performance or tender of performance; (3) Defendant's breach of contract, and (4)

---

[2] Def.'s Mot. Summ. J. 9, ECF No. 18.
[3] Pl.'s Resp. Def's Mot. Summ. J. 3–6.

Plaintiff's damages as a result of the breach. *Prime Prods., Inc. v. S.S.I. Plastics, Inc.*, 97 S.W.3d 631, 636 (Tex. App.—Houston [1st Dist.] 2002, pet. denied); *see also Certain Underwriters at Lloyd's v. KKM Inc.*, 215 S.W.3d 486, 489 (Tex. App.—Corpus Christi 2006, pet. denied) (providing that plaintiff must establish that contract existed that created duties, which were breached by defendant, resulting in damages).

Rule 26(a)(1)(A)(iii) of the Federal Rules of Civil Procedure requires a disclosure of "a computation of each category of damages claimed by the disclosing party." Rule 37(c) mandates the exclusion of information not properly disclosed in a party's Rule 26 disclosures unless the failure to disclose was substantially justified or harmless. When determining whether a party's failure to disclose was substantially justified or is harmless under Rule 37(c)(1), the following factors should be considered: "(1) [the party's] explanation for its failure to disclose the evidence, (2) the importance of the evidence, (3) the potential prejudice to [the opposing party] in allowing the evidence, and (4) the availability of a continuance." *CQ, Inc. v. TXU Min. Co., L.P.*, 565 F.3d 268, 280 (5th Cir. 2009).

Here, "[s]ignificantly, Plaintiff[] have not offered any justification for [his] failure to disclose [his] damage computations" beyond his Rule 26 disclosures. *Macro Niche Software, Inc. v 4 Imaging Solutions, LLC*, No. H-12-2293, 2014 WL 12599512, at *1 (S.D. Tex. Jan. 15, 2014). "Because it is undisputed that damages are an essential element of [Plaintiff's breach of contract claim] against Defendant[], evidence of damage computation is important." *Id.* Plaintiff's failure to supplement his damage computation requires the Court to confine Plaintiff to his Rule 26 computation of "$155,800.00 in estimated actual damages (less the applicable deductible and/or

prior payments, if any) sustained by Plaintiff as a result of the covered losses at issue in this case, which represents the combined reasonable and necessary cost of repairs to Plaintiff's property."[4] Plaintiff has not offered any damages computation beyond the $155,800.00 sought in his Rule 26 disclosures, nor has Plaintiff offered evidence that he has paid anything out of pocket other than the amounts Defendant paid him on his claim.[5]

Plaintiff attempts to argue that Spotless Restoration is still owed an indeterminate amount and points to the deposition testimony of Spotless Restoration's owner, Jeff Benson, where Benson asserts that he is still owed $50,000.[6] However, Benson further testified that he has not sought and would not seek additional payments from Plaintiff unless Plaintiff were to recover additional amounts from this action.[7] Even drawing all reasonable inferences in favor of Plaintiff, Benson's testimony does not present evidence of actual damages because Plaintiff may never be asked to pay. *See Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580-81 (1985) (holding that if the purported injury is "contingent [on] future events that may not occur as anticipated, or indeed may not occur at all," the claim is not ripe for adjudication); *see also Paramount Fire Ins. Co. v. Aetna Cas. & Sur. Co.*, 163 Tex. 250, 353 S.W.2d 841 (1962) ("The court looks to the substance of the whole transaction rather than to seek a metaphysical hypothesis upon which to justify a loss that is no loss." (quoting *Ramsdell v. Insurance Company of North America*, 197 Wis. 136, 221 N.W. 654)). Thus, Plaintiff has not shown a genuine dispute of material fact as to any additional amount Spotless Restoration might be owed for which Plaintiff may be liable.

---

[4] Def.'s Mot. Summ. J. Ex. F, at A722, ECF No. 19.
[5] *Id.* at A768.
[6] Def.'s Mot. Summ. J. Ex. F, at A809, ECF No. 19.
[7] *Id.* at A814; Benson also acknowledges that he has not provided Plaintiff with any demand in writing specifying the amount that might be owed. *See* Def.'s Mot. Summ. J. Ex. F, at A814, ECF No. 19.

"The ultimate goal in measuring damages for a breach-of-contract claim is to provide just compensation for any loss or damage actually sustained as a result of the breach," and "[b]y the operation of that rule, a party generally should be awarded neither less nor more than his actual damages." *Sharifi v. Steen Auto.*, LLC, 370 S.W.3d 126, 148 (Tex. App.—Dallas 2012, no pet.) (citation omitted). The undisputed summary judgment evidence shows that Defendant has paid $55,223.39 for the dwelling claim[8] and $87,467.18 for contents[9] plus $13,732.36 for additional living expenses[10] all totaling $156,422.93. Plaintiff does not dispute that under the applicable policy, for a covered loss, he is only entitled to what he has actually paid for the repairs.[11] Plaintiff has not presented any evidence showing that he has incurred costs for which he has not been reimbursed, nor has he shown a genuine dispute of material fact as to any other damages.[12] Because Plaintiff has not presented evidence that he has sustained actual damages, Defendant is entitled to summary judgment. Therefore, Defendant's motion for summary judgment as to Plaintiff's breach of contract claim is **GRANTED**.

Under the Texas Prompt Payment of Claims Act ("TPPCA"), the insured must establish: (1) the insurer's liability under the insurance policy, and (2) that the insurer has failed to comply with one or more sections of the TPPCA in processing or paying the claim." *Biasatti v. GuideOne Nat'l Ins. Co.*, 601 S.W.3d 792, 794-95 (Tex. 2020). Because Defendant is not liable for Plaintiff's claims beyond what Defendant has already paid, Plaintiff cannot establish Defendant's liability under the insurance policy. *See United Nat. Ins. Co. v. AMJ Invs., LLC*, 447 S.W.3d 1, 11 (Tex.

---

[8] Def.'s Mot. Summ. J. Ex. A-6, at A0644–47, ECF No. 19.
[9] *Id*. at A0647–48.
[10] Def.'s Mot. Summ. J. Ex. A-5, at A0650, ECF No. 19.
[11] Def.'s Mot. Summ. J. Ex. B, at A0703, ECF No. 19.
[12] Def.'s Mot. Summ. J. Ex. E, at A0768, ECF No. 19.

App.—Houston [14th Dist.] 2014). Therefore, Defendant's motion for summary judgment on Plaintiff's TPPCA claims is **GRANTED**.

### B. Extra-Contractual Claims

Plaintiff's remaining claims are brough under § 541.051 of the Texas Insurance Code, alleging bad faith handling of Plaintiff's insurance claim.[13] Insurance companies have a duty to deal fairly and in good faith with an insured in the processing of claims. *Arnold v. Nat'l Cnty. Mut. Fire Ins.*, 725 S.W.2d 165, 167 (Tex. 1987). "There are only two paths an insured may take to establish the damages caused by an insurer's violation of the insurance code or the duty of good faith and fair dealing: either the insured establishes (1) a right to receive benefits under the policy or (2) an injury independent of a right to benefits" *Argonaut Great Cen. Ins. Co. v. MLLCA, Inc.*, No. 02-19-280-CV, 2021 WL 1919641, at *8 (Tex. App.—Fort Worth May 13, 2021, no pet.) (quotation marks and citations omitted). "[A]n insured cannot recover any damages . . . if the insured had no right to receive benefits under the policy and sustained no injury independent of a right to benefits." *USAA Texas Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 489 (Tex. 2018) (emphasis in original). And an insured cannot recover extracontractual damages beyond policy benefits unless he demonstrates that the insurer "commit[ed] some act, so extreme, that would cause injury independent of the policy claim." *Id.* at 499 (quoting *Republic Ins. Co. v Stoker*, 903 S.W.2d 338, 341 (Tex. 1995)).

As explained above, Plaintiff has not established a right to receive further benefits under his policy with Defendant. Plaintiff does not dispute that his only eligibility to "bring claims of bad faith violations arises from his right to receive benefits under his policy with" Defendant.[14] Because the Court finds that Plaintiff is ineligible to bring such claims, Plaintiff cannot prevail on

---

[13] Def.'s Notice of Removal, Ex. C, at 3–4, ECF No. 1-5.
[14] Pl.'s Resp. to Def.'s Mot. Summ. J. 9, ECF No. 23-1.

his claims against Defendant for violation of the insurance code or the duty of good faith. Accordingly, Defendant's motion for summary judgment on Plaintiff's claims for bad faith and violations of the Texas Insurance Code is **GRANTED**.

### CONCLUSION

For the reasons stated, Defendant's Motion for Summary Judgment is **GRANTED**. ECF No. 17. Plaintiff's breach of contract, Texas Prompt Payment Act claims, and statutory claims under the Texas Insurance Code are **DISMISSED with prejudice**. Separate final judgment to follow.

**SO ORDERED** on this **30th day** of **December, 2025.**

*[Signature: Reed O'Connor]*
Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**